JS-6

Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor (Sol#1119411)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-5410
    Facsimile: (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,**<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>           Plaintiff,<br><br>       v.<br><br>**ELI INDUSTRIES, INC.**<br>  a California Corporation,<br>**ELI ARNALDES,** individually and as<br>  managing agent of corporate defendant,<br><br>         Defendants. | Case No. 2:14-CV-6847 AB(MRWx)<br><br><br><br><br><br><br><br>**CONSENT JUDGMENT** |

     Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, Eli Industries, Inc., ("Eli Industries") a California Corporation and Eli Arnaldes, individually and as managing agent of corporate defendant (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

**Consent Judgment**

A.     The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B.     Defendants have appeared and having retained defense counsel acknowledge receipt of a copy of the Secretary's Complaint.

C.     Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D.     The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.     Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F.     This Judgment represents a full resolution of all claims alleged against Defendants in the Secretary's Complaint, including all FLSA matters arising out of the Investigation of the Defendants by the Wage and Hour Division for the period of March 20, 2011 through September 1, 2013 for the employees named in Exhibit 1.

G.     Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in

any of the following manners:

1.  Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2.  Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3.  Defendants, jointly and severally, pursuant to FLSA Section 17, shall not continue to withhold the payment of $46,700 in overtime pay hereby found to be due under the FLSA to 30 employees, as a result of their employment by Defendants during the period of  March 20, 2011 through September 1, 2013  ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

4.  Liquidated damages in the amount of $46,700 (constituting 100 percent of the back wages that so became due) are hereby found to be due under the FLSA, Section 16(c).

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of the Secretary and against Defendants, jointly and severally, in the total amount of $93,400, constituting the aforementioned $46,700 in overtime pay and $46,700 in liquidated damag-

1    es.

2         5.  To accomplish the requirements of Paragraphs 3 and 4, Defendants shall deliv-

3 er to the Wage and Hour Division, United States Department of Labor, 915 Wilshire

4 Blvd., Suite 960, Los Angeles, CA 90017, the following:

5         a. On or before October 1, 2014,  a schedule in duplicate bearing the name

6 of the corporate Defendant, employer identification number, address, and phone

7 number of the corporate Defendant and showing the name, last known (home) ad-

8 dress, social security number, gross backwage amount for each person listed in the

9 attached Exhibit 1.

10         b. Defendants shall make the payments set forth on the attached Exhibit 2.

11 Each payment includes interest calculated at 1% per year on the unpaid balance

12 until the balance is paid in full.  All payments shall be in the form of a cashier's

13 check or money order. Payments 1 through 6 shall have the Firm name and "LDs

14 + Int." written on it, and shall be payable to the order of the "Wage and Hour Div.,

15 Labor."  Payments 7 through 12 shall have the Firm name and "BWs + Int." writ-

16 ten on each, and shall be payable to the order of the "Wage and Hour Div., La-

17 bor."  All payments shall be delivered on or before the date the payment is due as

18 set forth in Exhibit 2.

19         c.  In the event of any default in the timely making of any payment due

20 hereunder, the full amount due under the backwage and liquidated damages provi-

21 sions of this Judgment which then remains unpaid, plus post-judgment interest at

22 the rate of 10% per year, from the date of this Judgment until paid in full, shall

23 become due and payable upon the Secretary's sending by ordinary mail a written

24 demand to the last business address of the Defendants then known to the Secre-

25 tary.

26         d.  The Secretary shall allocate and distribute the funds described in para-

27 graphs 3 and 4 less deductions for employees' share of social security and with-

28 holding taxes on the backwage amounts to the persons named in the attached Ex-

**Consent Judgment**

hibit 1, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

e. On or before October 1, 2015, a cashier's check or money order in the amount of $6,600. The check shall have the Firm name and "OT/CMP" written on it, payable to the order of the "Wage and Hour Div., Labor."

5. Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall record all hours worked by employees in the payroll records.

b. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

d. Defendants shall pay employees for all compensable waiting time.

e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

f. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

g. Defendants shall not require employees to work "off the clock" either before or after their shift.

h. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee;

**Consent Judgment**

i. Defendants must pay overtime timely on that week's payroll.

j. Defendants' shall implement a timekeeping system that shall permit employees (as opposed to supervisors) to track their individual work hours daily.  If changes in the time records later are required, Defendants shall designate and authorize one or more individuals in Eli Industries corporate offices to correct time entry errors.  Crew leaders and superintendents may not change or edit employee entered hours.  Defendants shall train employees on how to properly record and enter their work hours.

k. Where an employee in a single workweek works at two or more rates of pay (of not less than the applicable minimum wage) the regular rate shall be computed by using a weighted average of the rates of pay. That is, total earnings for the week divided by total number of hours worked during the week. Overtime for the workweek shall be computed using this weighted average regular rate.

6.   Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages or liquidated damages from any of the employees listed on the attached Exhibit 1.  Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment.  Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

7.   Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

**Consent Judgment**

8.      On at least an annual basis, in 2014, 2015 and 2016, Defendants shall hire an independent third party to conduct training as to the requirements of the FLSA. The training shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements.   All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training.  Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request

9.      Within the first six months of the execution of this Judgment, Defendants shall allow representatives of the Wage and Hour Division of the U.S. Department of Labor to conduct a presentation at each business location as to the requirements of the FLSA and this Judgment. Defendants shall require all employees to attend this presentation during regular business hours.

10.      Within 30 days of the entry of this Judgment Defendants shall supply all of their employees with copies of the attached Exhibit 3, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English and Spanish versions are attached.  In addition, Defendants shall provide copies of Exhibit 3 to all new hires, and post a copy at each business establishment in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of three years from the date this Judgment is executed by all parties.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that this Judgment represents a full resolution of all claims alleged against Defendants in the Secretary's Complaint, including all FLSA matters arising out of the Investigation of the Defendants by the Wage and Hour Division for the period of March 20, 2011 through September 1, 2013 for the employees named in Exhibit 1; and,

**Consent Judgment**

it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.


Dated: September 30, 2014.    _____

André Birotte Jr.,
U.S. District Court Judge

1  For the Defendants:
2  The Defendants hereby appear, waive any
   defense herein, consent to the entry of
3  this Judgment, and waive notice by the
4  Clerk of Court:
5
6  For: Eli Industries, Inc.,
7
8  By: _____        8.18.14
9       Eli Arnaldes                   Date
10 Its: _President_
11
12
13 For: Eli Arnaldes
14
15 By: _____        8.18.14
16      Eli Arnaldes, Individually      Date
17
18
19
20
21
22
23
24
25
26
27
28

**Consent Judgment**                          Page 9 of 16

1

Attorneys for the Defendants

2

Law Offices of Eli M. Kantor

3

4

5

6

_____                    _____

Eli M. Kantor, Attorney at Law                      8/27/2014

7                                                    Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    For the Plaintiff:

2    M. PATRICIA SMITH
3    Solicitor of Labor

4    JANET M. HEROLD
5    Regional Solicitor

6    DANIEL J. CHASEK
7    Associate Regional Solicitor

8

9    _____          9 - 2 - 14
                                        _____
10   BORIS ORLOV, Attorney              Date
     Attorneys for the Plaintiff
11   U.S. Department of Labor

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment**                                   Page 11 of 16

1

EXHIBIT 1

2

| First Name | Last Name | Back Wages | Liquidated Damages | Period Covered | |
|---|---|---|---|---|---|
| Guillermo | Acevedo | $1,553.85 | $1,553.85 | 4/8/2012 | 9/1/2013 |
| Sergio | Arrellano | $1,372.64 | $1,372.64 | 4/29/2012 | 9/1/2013 |
| Sergio | Castaneda | $1,075.90 | $1,075.90 | 10/9/2011 | 9/1/2013 |
| Pedro | Cisneros | $1,503.15 | $1,503.15 | 4/29/2012 | 9/1/2013 |
| Roberto | Cisneros | $2,554.68 | $2,554.68 | 4/29/2012 | 9/1/2013 |
| Victor | Delgado | $399.24 | $399.24 | 11/18/2012 | 9/1/2013 |
| Victor | Diaz | $1,151.16 | $1,151.16 | 4/29/2012 | 9/1/2013 |
| Saul | Gallardo | $1,390.51 | $1,390.51 | 4/29/2012 | 9/1/2013 |
| Justino | Garcia | $2,410.63 | $2,410.63 | 4/8/2012 | 9/1/2013 |
| Francisco | Guarneros | $1,233.70 | $1,233.70 | 4/29/2012 | 9/1/2013 |
| Josue | Guerrero | $2,076.89 | $2,076.89 | 4/29/2012 | 9/1/2013 |
| Samuel | Henriquez | $1,034.26 | $1,034.26 | 4/29/2012 | 7/7/2013 |
| Jose | Luis Orta | $1,587.10 | $1,587.10 | 4/8/2012 | 9/1/2013 |
| Ricardo | Martinez | $347.43 | $347.43 | 4/29/2012 | 9/1/2013 |
| Santos | Maya | $1,442.31 | $1,442.31 | 4/8/2012 | 9/1/2013 |
| Rafael | Morales | $3,816.70 | $3,816.70 | 4/8/2012 | 9/1/2013 |
| Ramon | Morales | $884.66 | $884.66 | 10/9/2011 | 9/1/2013 |
| Victor | Orta | $2,837.57 | $2,837.57 | 4/8/2012 | 9/1/2013 |
| Martin | Paredes | $539.97 | $539.97 | 1/8/2012 | 9/1/2013 |
| Ivan | Paz | $1,353.87 | $1,353.87 | 5/6/2012 | 9/1/2013 |
| Jose | Portillo | $769.65 | $769.65 | 4/29/2012 | 7/21/2013 |
| Juan | Rodriguez | $309.32 | $309.32 | 1/15/2012 | 9/1/2013 |
| David | Romero | $1,403.72 | $1,403.72 | 4/8/2012 | 9/1/2013 |
| Elias | Romero | $1,528.84 | $1,528.84 | 4/8/2012 | 9/1/2013 |
| Victor | Salazar | $3,955.87 | $3,955.87 | 10/23/2011 | 8/25/2013 |
| Jose | Sanchez | $1,349.30 | $1,349.30 | 12/18/2011 | 9/1/2013 |
| Elidoro | Santiago | $1,384.63 | $1,384.63 | 11/6/2011 | 9/1/2013 |
| Fernando | Silva | $1,805.69 | $1,805.69 | 4/29/2012 | 9/1/2013 |
| Jose | Sorto | $2,127.53 | $2,127.53 | 12/18/2011 | 9/1/2013 |

**Consent Judgment**

| | | | | | |
|---|---|---|---|---|---|
| Cesar | Villalta | $1,499.23 | $1,499.23 | 11/11/2012 | 7/7/2013 |
| | | **$46,700.00** | **$46,700.00** | | |

1
2

# EXHIBIT 2

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

| Payment No. | Date Due | Amount Due | Interest Due | Total Due | |
|---|---|---|---|---|---|
| 1 | 10/1/2014 | $7,783.33 | $13.44 | $7,796.77 | Liquidated Damages |
| 2 | 11/1/2014 | $7,783.33 | $30.36 | $7,813.69 | Liquidated Damages |
| 3 | 12/1/2014 | $7,783.33 | $43.83 | $7,827.16 | Liquidated Damages |
| 4 | 1/1/2015 | $7,783.33 | $47.09 | $7,830.42 | Liquidated Damages |
| 5 | 2/1/2015 | $7,783.33 | $72.04 | $7,855.37 | Liquidated Damages |
| 6 | 3/1/2015 | $7,783.33 | $70.11 | $7,853.44 | Liquidated Damages |
| 7 | 4/1/2015 | $7,783.33 | $41.54 | $7,824.87 | Back Wages |
| 8 | 5/1/2015 | $7,783.33 | $41.81 | $7,825.14 | Back Wages |
| 9 | 6/1/2015 | $7,783.33 | $38.92 | $7,822.25 | Back Wages |
| 10 | 7/1/2015 | $7,783.33 | $32.62 | $7,815.95 | Back Wages |
| 11 | 8/1/2015 | $7,783.33 | $41.78 | $7,825.11 | Back Wages |
| 12 | 9/1/2015 | $7,783.37 | $33.65 | $7,817.02 | Back Wages |
| **Total** | | **$93,400.00** | **$507.19** | **$93,907.19** | |

19
20
21
22
23
24
25
26
27
28

**EXHIBIT 3**

**LEGAL NOTICE TO ALL EMPLOYEES**

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **ELI INDUSTRIES, INC.,** from violating the overtime requirements of the **Fair Labor Standards Act**.  All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de el **Fair Labor Standards Act** determina que se les debe de pagar a todos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen.  A su vez, también estipula que todo empleado que trabaje extra, más de 40 horas en una semana laboral, se les deberá pagar **a tiempo y medio** de lo que ganen por cada hora extra trabajada.   Todos los empleados, independientemente de que se les pague por **hora** o por **pieza**, tienen derecho a que se les pague el tiempo extra cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el **Departamento Del Trabajo**, la **Corte de Distrito de los Estados Unidos** expidió una  orden que prohíbe a **ELI INDUSTRIES, Inc.,** de violar los requisitos de el pago de sobretiempo que estipula la ley de el **Fair Labor Standards Act**.  Todos los empleados que trabajan en éste establecimiento pueden ayudar a que este empleador no viole la orden de la Corte.  **Si usted piensa que no le están pagando de acuerdo a la ley, por favor llame al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (213) 894-6375.  Su llamada será confidencial.**

**Consent Judgment**